IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BILAL RASUL, )
)
        Plaintiff, )
)
        v. ) 1:19CV1167
)
DARREN SCOTT VEREEN, et al., )
)
        Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Although Plaintiff did submit an *in forma pauperis* application, he did not use the forms for filing in this Court or include all of the information necessary for the Court to rule on his request. The Clerk will provide Plaintiff with the proper forms.

2. Plaintiff seek to use his Complaint to restore gain time lost because of a prison disciplinary infraction. Because this affects the length of Plaintiff's incarceration, the claims are not proper under § 1983, but must be brought in a habeas corpus action under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (discussing good time credits in the context of prison disciplinary proceedings). Accord Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of physical confinement' and thus lies at 'the core of habeas corpus.'" (internal citations and ellipses omitted) (quoting Preiser, 411 U.S. at 487-88)). Plaintiff should also be aware that habeas challenges to such decisions are extremely limited. In a prison disciplinary hearing, an inmate has a right to (1) advance

written notice of his charges, (2) a chance to present evidence where consistent with institutional safety and correctional goals, and (3) a written statement from the factfinder explaining the evidence relied upon and the reasons for the ultimate decision. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)). In addition, the factfinder's decision must find some support in the evidence. Id. at 455. The Court will not simply rehear the matter because Plaintiff believes the decisions to be incorrect.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new action, on the proper forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff § 2254 forms, instructions, and an application to proceed *in forma pauperis*.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 2254 forms, instructions, and an application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a proper action, on the proper forms, which corrects the defects cited above.

This, the 4th day of February, 2020.

_____
Joe L. Webster
United States Magistrate Judge