IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BILAL RASUL, )
)
        Plaintiff, )
)
        v. ) 1:19CV1167
)
DARREN SCOTT VEREEN, et al., )
)
        Defendant(s). )

**ORDER**

The Order and Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on February 4, 2020, was served on the parties in this action. (ECF Nos. 9, 10). Plaintiff did not object to the Recommendation but did file several motions, (ECF Nos. 7, 11, 12, 13), which the Court now considers.

As an initial matter, the Court has reviewed the Recommendation and has made a de novo determination which is in accord with the Magistrate Judge's report. The Court therefore adopts the Magistrate Judge's Recommendation.

The Court now turns to the pending motions. As detailed in the Recommendation, Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. (ECF Nos. 1, 2.) Plaintiff sought, *inter alia*, to restore gain time lost due to a prison disciplinary infraction and monetary damages. (Complaint ¶ VII.) The Magistrate Judge recommended *sua sponte* dismissal of the Complaint due to: (1) Plaintiff's failure to pay the filing fee or file the proper

*in forma pauperis* forms; and (2) Plaintiff's attempt to restore gain time lost is not proper under § 1983. (ECF No. 9.) Plaintiff has now filed the following motions:

1. Plaintiff's first motion for leave to file an amended complaint. (ECF No. 7.) Plaintiff seeks to add Patricia A. Alston as a defendant and asks for punitive damages from all Defendants. (ECF Nos. 7, 8.)

2. Plaintiff's second motion for leave to file an amended complaint. (ECF No. 11.) Plaintiff no longer seeks restoration of his lost gain time. (*Id.* ¶ 4.)

3. Plaintiff's motion for appointment of counsel. (ECF No. 12.)

4. Plaintiff's application to proceed *in forma pauperis* filed with the correct forms. (ECF No. 13.)

Plaintiff's motions do not alter the Court's determination that this action should be dismissed. While Plaintiff has fixed one error by filing the correct *in forma pauperis* forms, his Complaint remains defective; simply dropping his claim to restore gain time loss is not sufficient. The Complaint, even after amendment, essentially challenges Plaintiff's conviction for a prison disciplinary infraction. (*See* Compl.; ECF Nos. 7, 8, 11.) However, this is not permitted under the line of cases arising from *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck*, 512 U.S. at 487). *Heck* applies to prison disciplinary proceedings in which a prisoner is deprived of good-time credits. *See id.* at 645. Consequently, this action should be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's application to proceed *in forma pauperis,* (ECF No. 13), is GRANTED for the sole purpose of entering this Order.

IT IS FURTHER ORDERED that Plaintiff's motions for leave to file an amended complaint, (ECF Nos. 7, 11), and Plaintiff's motion for appointment of counsel, (ECF No. 12), is DENIED as moot.

IT IS FURTHER ORDERED that this action is FILED and DISMISSED *sua sponte* without prejudice to Plaintiff filing a proper action, on the proper forms.

A judgment dismissing this action will be entered contemporaneously with this Order.

This, the 27th day of February 2020.

/s/ Loretta C. Biggs
United States District Judge